**Case Number 12-56000**

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

### In re: MICHAEL CORDAS and CATHY CORDAS, Debtors

---

MICHAEL CORDAS and CATHY CORDAS,

Appellants

v.

COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, N.A., U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE LSX 2007-7N TRUST FUND; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and RECONTRUST COMPANY, N.A., et al,

Appellees

Dist. Ct. Case No.: 11-cv-01688-AG-JPR

District Court Judge Andrew Guilford

---

Appeal from The United States District Court, Central District of California

---

**Answering Brief**

---

**AKERMAN SENTERFITT LLP**
Justin D. Balser (SBN 213478)
Victoria A. Cantore (SBN 265169)
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

{26461488;1}

## CORPORATE DISCLOSURE STATEMENT

Bank of America, N.A., is 100% owned by BANA Holding Corporation. BANA Holding Corporation is 100% owned by BAC North America Holding Company, which is in turn 100% owned by NB Holdings Corporation. NB Holdings Corporation is 100% owned by Bank of America Corporation, whose shares are publicly traded.

ReconTrust Company, N.A. is a wholly-owned subsidiary of Bank of America, N.A.

No publicly-held company has an ownership interest of 10% or more in Bank of America, N.A.

Bank of America Corporation does not have any parent corporations. No publicly-held company has an ownership interest of 10% or more in Bank of America Corporation.

No publicly-held company has an ownership interest of 10% or more in U.S. Bank, National Association, as Trustee for the Certificate-Holders of the LXS 2007-7N Trust.

Countrywide Home Loans, Inc. is a wholly-owned subsidiary of Countrywide Financial Corporation (CFC). CFC is a wholly-owned subsidiary of Bank of America Corporation, whose shares are publicly-traded.

{26461488;1}

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT……………….…………*ante*

I.    STATEMENT OF JURISDICTION ...................................................1

II.   COUNTERSTATEMENT OF ISSUES PRESENTED FOR REVIEW ...1

III.  STATEMENT OF THE CASE ........................................................1

IV.   STATEMENT OF FACTS ..............................................................3

V.    SUMMARY OF THE ARGUMENT ................................................4

VI.   LAW AND ARGUMENT ...............................................................6

   A.   This Court Does Not Have Jurisdiction Over This Appeal...............6

   B.   The District Court Properly Dismissed the Complaint With Prejudice Under Rule 41(b) ...................................................................7

      1.   Standard of Review ...........................................................7

      2.   Appellants Improperly Allowed Their Time to Amend to Lapse Before Filing their Notice of Appeal ...................................8

   C.   The District Court Did Not Abuse Its Discretion When it Dismissed the Complaint Without Prejudice Under Federal Rule of Civil Procedure 8(a)............................................................................ 13

      1.   Standard of Review .......................................................... 13

      2.   The District Court's May 7 Order Was Proper..................... 14

   D.   The Remainder of Appellants' Superseding Opening Brief is Erroneous .......................................................................................... 18

VII.  CONCLUSION............................................................................. 19

ADDENDUM OF STATUTES

# TABLE OF AUTHORITIES

**Page**

## Cases

*Distribution Agency v. Nationwide Mut. Ins.*
  117 F.3d 432 (9th Cir. 1997) ....................................................... 6

*Ferdik v. Bonzelet*
  963 F.2d 1258, 1260 (9th Cir. 1992)................................... 7, 10, 12

*McHenry v. Renne*
  84 F.3d 1172 (9th Cir. 1996) .............................................. 15, 16

*McKeever v. Block*
  932 F.2d 795, 797 (9th Cir.1991) ............................................ 11

*Nevijel v. North Coast Life Ins. Co.*
  651 F.2d 671 (9th Cir. 1981) ............................................. 14, 16

*Rowe v. Educ. Credit Mgmt. Corp.*
  559 F.3d 1028, 1029 (9th Cir. 2009)........................................ 18

*Schmidt v. Hermann*
  614 F.2d 1221 (9th Cir. 1990).............................................. 13

*Telluride Management Solutions, Inc. v. Telluride Inv. Group*
  55 F.3d 463, 466 (9th Cir. 1995)............................................. 7

*WMX Technologies, Inc. v. Miller*
  104 F.3d 1133 (9th Cir. 1997) .............................. 4, 8, 9, 10, 13

*Yourish v. California Amplifier*
  191 F.3d 983 (9th Cir. 1999).......................................10, 11, 12

## Statutes

28 U.S.C. § 1291 .............................................................. 1, 6, 7, 1

Civil Code § 2923.5 ................................................................. 3

## Rules

Fed. R. App. P. 32........................................................................ 20

## <u>TABLE OF AUTHORITIES</u>

**Page**

Federal Rule of Civil Procedure 12(b)(6) ...................................................2, 18

Federal Rule of Civil Procedure 8(a)(2) ....................................................... 13

## I.     STATEMENT OF JURISDICTION

This Court lacks jurisdiction under 28 U.S.C. § 1291.

On May 7, 2012, the United States District Court for the Central District of California, Southern Division (**district court**) issued a ruling on Appellees' Motion to Dismiss Appellants' complaint (**Complaint**) dismissing the Complaint without prejudice. The district court granted Appellants 21 days leave to amend.

On May 31, 2012, three days after the time to amend had expired, Appellants filed a Notice of Appeal. On June 11, 2012, the district court dismissed the case under Federal Rule of Civil Procedure 41(b) for Appellants' failure to timely amend the Complaint.

## II.     COUNTERSTATEMENT OF ISSUES PRESENTED FOR REVIEW

1.     Whether the district court abused its discretion by dismissing the Complaint without prejudice for Appellants' failure to comply with Rule 8(a).

2.     Whether the district court abused its discretion by dismissing the Complaint with prejudice due to Appellants' failure to timely file an amended pleading pursuant to the district court's May 7 Order.

## III.   STATEMENT OF THE CASE

This is an appeal from an order issued by the district court dated May 7, 2012 granting Appellees' Motion to Dismiss the Complaint **with leave to amend**. (EOR, Appendix (**App.**) D.)

On July 29, 2011, Appellants filed their Complaint in the Superior Court of California for the County of Orange alleging nineteen separate causes of action arising out of the origination, sale, servicing, and foreclosure of a $2,502,500 home loan.  (EOR, App. L.)

On November 3, 2011, defendant MERS removed the case to the United States District Court for the Central District of California, Southern Division. (EOR, App. K.)  It was assigned to the Honorable Judge Andrew Guilford.  *Id.*

On January 20, 2012, Appellees moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) (the **Motion**).  (EOR, App. I.)  On May 7, 2012, the district court issued an Order granting the Motion with 21 days leave to amend.  (EOR, App. E.)  Appellants' amended complaint, if any, was due by May 28, 2012.  *Id.*

Appellants did not timely file an amended complaint.  On May 30, 2012, Appellees filed a Notice of Appellants' failure to file a first amended complaint. (EOR, App. A at #30.)

On May 31, 2012, Appellants filed their Notice of Appeal.  (EOR, App. D.) On June 11, 2012, Judge Guilford issued a Minute Order dismissing the case due to Appellants' failure to amend the Complaint.  (EOR, App. B.)   This order was not appealed.

On November 13, 2012, Appellants filed their Opening Brief. (Docket Item No. 6.) Appellees moved to dismiss the appeal for lack of jurisdiction on December 12, 2012. (Docket Item No. 11.) On March 4, 2013, this Court issued a ruling denying Appellees' motion without prejudice. (Docket Item No. 12.) Appellants filed their Superseding Opening Brief (**SOB**) on April 9, 2013. (Docket Item No. 14.)

## IV.    STATEMENT OF FACTS

Appellants Michael and Cathy Cordas own the property located at 15 Observatory, Newport Beach, California, 92657-1639 (the **Property**). (EOR, App. L, ¶ 109.) On January 12, 2007, Plaintiffs obtained a $2,502,500 loan (the **Loan**) from America's Wholesale Lender. (EOR, App. L, ¶57; App. J, Ex. 1.) The Loan was secured by a deed of trust (**Deed of Trust**) to the Property. (*Id*.) The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. (**MERS**) as the beneficiary and ReconTrust Company, N.A. (**ReconTrust**) as Trustee. (*Id*.) BANA was the servicer of the Loan. (*See* EOR, App. J, Ex. 2 at p. 4.) Respondent Countrywide Home Loans, Inc. (**Countrywide**), is not mentioned in any of the recorded documents and has no connection whatsoever to the Loan.

Appellants eventually defaulted on the Loan in early 2009. ReconTrust, as agent for the beneficiary MERS, recorded a Notice of Default was recorded on June 17, 2009. (EOR, App. J, Ex. 2.) As of this date, Appellants were already

$65,042.53 in arrears.  (*Id*.)  A Notice of Trustee's Sale was thereafter recorded on September 25, 2009.  (EOR, App. J, Ex. 3.)  The Notice of Trustee's Sale identifies Appellants' unpaid principal and other charges as $2,838,137.00.  (*Id*.)  The sale, originally scheduled for October 13, 2009, has been repeatedly postponed, and has not yet taken place.  MERS assigned its beneficial interest under the deed of trust to U.S. Bank, National Association, as Trustee for the Certificateholders of the LXS 2007-7N Trust Fund (**U.S. Bank**), the assignment of which was recorded on May 18, 2011.  (EOR, App. J, Ex. 4.)

## V.     SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction to hear this appeal.  Appellants appeal from a non-appealable order dismissing their Complaint without prejudice and expressly granting them leave to amend.  Their Superseding Opening Brief does not clarify under what authority they bring their appeal.  Rather than address the issues raised in this Court's March 4, 2013 ruling denying Appellees' Motion to Dismiss, Appellants attempt to improperly alter the procedural history of this case to fit the rule announced by the court in *WMX Technologies, Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997).  Though they claim they gave timely notice to the district court of their intent not to amend the Complaint, this is not the case, as is proven in the record.  (*See* EOR, App. A.)  Instead, Appellants did nothing and allowed their time to amend the Complaint to expire, thereafter seeking relief from the Court's

May 7 Order by filing a Notice of Appeal. Thus, pursuant to the rule in *WMX Technologies,* this Court does not have jurisdiction over an appeal of the May 7 Order because Appellants were given leave to amend. *Id. at p. 1136*.

The district court's June 11, 2012 Order dismissing the Complaint for failure to amend within the prescribed time period does not cure the procedural defect of an appeal to the May 7 Order because Appellants have not challenged the June 11, 2012 dismissal. Further, Appellants fail to demonstrate that the district court abused its discretion by dismissing their case with prejudice under Rule 41(b) for their failure to timely amend their Complaint and they cannot because the June 11, 2012 dismissal was based on Appellants' failure to act where the district court gave ample warning and opportunity. Regardless, Appellants explicitly do not challenge the propriety of the district court's dismissal, arguing it was "proper" given their intent to appeal the May 7 Order.

Appellants additionally fail to demonstrate that the district court's May 7 Order was an abuse of discretion. Specifically, Appellants fail to show how their Complaint complied with Rule 8(a)'s requirement of a "short and plain statement," such that dismissal without prejudice was improper. Though this was the sole and exclusive basis for the district court's May 7 Order, Appellants improperly ask this Court to review Appellees' Motion on the merits and issue a substantive ruling.

## VI.   LAW AND ARGUMENT

### A.     This Court Does Not Have Jurisdiction Over This Appeal

Appellants argue this Court has jurisdiction under "28 U.S.C.A." (SOB, p. 1.)    No statute is specifically cited.    Appellants' jurisdictional basis is unclear.

Assuming, for the sake of argument, Appellants bring their appeal under 28 U.S.C. § 1291, this Court does not have jurisdiction.  Section 1291 states "[t]he courts of appeals…shall have jurisdiction of appeals from all **final decisions** of the district courts of the United States." (Emphasis added.)   A ruling is "final" for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intent that it is the court's final act. *Nat. Distribution Agency v. Nationwide Mut. Ins.,* 117 F.3d 432 (9th Cir. 1997).

Appellants appeal from a district court order on Appellees' Motion to Dismiss issued on May 7, 2012.  (EOR, App. D, p. 15.)  Though Appellants' jurisdictional statement states the district court dismissed all of Appellants' causes of action on May 7, 2012, this paints a rather incomplete picture.  (SOB, p. 1.) The district court's May 7, 2012 Order granted Appellees' Motion to Dismiss, but stated Appellants "may file an amended pleading within 21 days of this Order." (EOA, App. E, p. 33.)  An amended pleading was due May 28, 2012.  Rather than

file a first amended complaint, Appellants allowed the time to amend to lapse and later filed a Notice of Appeal on May 31, 2012.

"Dismissal of the complaint is not considered a final appealable order unless circumstances make it clear that the court concluded that the action could not be saved by any amendment of the complaint." *Telluride Management Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995) (citations omitted). "Where, in dismissing the complaint, the district court has specifically provided the plaintiff leave to amend, we will not consider the dismissal a final appealable order." *Id.*

The May 7 Order from which Appellants appeal was not a final adjudication on the issues. The district court certainly did not indicate that the Complaint could not be saved by amendment. On the contrary—the district court not only invites Appellants to submit an amended Complaint, but details how Appellants might amend their claims to rectify the deficiencies noted in their original filing.

This Court lacks jurisdiction to hear this appeal under 28 U.S.C. § 1291.

**B.    The District Court Properly Dismissed the Complaint With Prejudice Under Rule 41(b)**

**1.    Standard of Review**

This Court reviews the district court's dismissal of a complaint pursuant to Rule 41(b) for an abuse of discretion. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992).

### 2.     Appellants Improperly Allowed Their Time to Amend to Lapse Before Filing their Notice of Appeal

On June 11, 2012, in light of Appellants' failure to timely amend their complaint, the district court dismissed Appellants' complaint pursuant to its authority under Federal Rule of Civil Procedure 41(b).  This Court ordered Appellants to file a superseding opening brief addressing whether the June 11 dismissal cures Appellants' procedurally defective appeal.  (Docket Entry No. 12.) Appellants ignore the Court's ruling and do not address the effect of the June 11 dismissal in their Superseding Opening Brief.  Instead, they try to rewrite history and model their actions after the rule announced in *WMX Technologies, Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997).

In *WMX Technologies, Inc. v. Miller*, the court considered a situation nearly identical to the one at bar.  The trial court issued a ruling granting a motion to dismiss without prejudice, granting plaintiffs leave to amend their complaint within thirty days.  *WMX Technologies,* 104 F.3d at pp. 1134-1135.  But "WMX neither took advantage of the opportunity to amend nor told the district court it would not do so."  *Id.* at p. 1135.  Instead, on the thirtieth day, plaintiffs filed a notice of appeal.  *Id.*

The court held, "We now specifically rule that **a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint**. A further district court determination

must be obtained. To the extent that any of our cases may suggest a different rule, we now overrule them." *Id.* at p. 1136 (emphasis added). Ultimately, the *WMX* court dismissed the appeal, noting "…the district court granted leave to amend. WMX did not choose to do so, and it did not obtain a final order of dismissal from the district court. We are, therefore, without jurisdiction." *Id.*

Appellants paint their decision to appeal the May 7 Order as a calculated action spurred by the district court's "disparaging" ruling. They claim they did "just what was indicated in *WMX Technologies."* This is patently false. Appellants did **not**, as they would have this Court believe, "promptly and expeditiously" file a Notice of Appeal. (*See* SOB, p. 6.) Appellants did **not** "timely" respond to the trial court's Order granting the Motion with "a formal notice not to amend." (*See* SOB, p. 7.) Appellants do not cite to such a document in support of their claim. Nor can they, as one does not exist.

Instead, Appellants allowed their time to amend the Complaint to expire. May 28, 2012 passed with neither amendment nor notice of Appellants' intent not to amend the Complaint. On May 30, 2012, it was **Appellees** who filed a notice of Appellants' failure to file an amended complaint, lest the case litigation be needlessly delayed by Appellants' inaction. (EOR, App. A at #30.) **The next day**, Appellants filed their Notice of Appeal. (EOR, App. A at #31.) The district court finally entered a judgment dismissing the case on June 11, 2012, not on the

substantive merits of the case, but due to Appellants' failure to file an amended complaint pursuant to its authority under Federal Rule of Civil Procedure 41(b). (EOR, App. B, p. 10.)

Appellants' reliance on *Ferdik v. Bonzelet,* 963 F.2d 1258 (9th Cir. 1992) and *Yourish v. California Amplifier,* 191 F.3d 983 (9th Cir. 1999) is curious, as both cases consider whether dismissal under Federal Rule of Civil Procedure 41(b) was appropriate.   Here, Appellants do not challenge the trial court's dismissal based on their failure to amend their Complaint, instead citing the language of the May 7 Order as the basis of this appeal.  But Appellants' reliance on these cases is especially curious, given that Appellants did **exactly** what they claim plaintiffs did in both cases.  Appellants argue the Ninth Circuit "has interpreted *Yourish* (and *Ferdik*) limited to [sic] circumstances in which the plaintiff did *not* as *WMX Technologies* recommends, give the court "notice of intent not to file an amended complaint,"; but instead simply failed to take any action."  (SOB, p. 7.)  As discussed above, Appellants gave the trial no such notice of their intent not to file an amended complaint, waited until their time to amend had expired, and filed a notice of appeal.

The facts in *Yourish* are similar to those now before the Court.  In *Yourish,* the district court granted defendants' motion to dismiss plaintiffs' complaint and granted plaintiffs sixty days leave to amend.  *Yourish,* 191 F.3d at 986.  After the

sixty days had expired, plaintiffs filed a motion seeking clarification of the district court's ruling on the motion to dismiss. *Id.* Defendants countered with a motion for dismissal in light of plaintiffs' failure to timely amend their complaint. *Id.* The district court granted defendants' motion for dismissal under Federal Rule of Civil Procedure 41(b) and plaintiffs appealed.

Where *Yourish* differs from the case at bar is the basis for plaintiffs' appeal. The *Yourish* court had to consider whether dismissal under Rule 41(b) was an excessive sanction for plaintiffs' failure to amend justifying reversal. *Id.* at pp. 989-990. Ultimately, it found the trial court did not abuse its discretion. *Id.* at p. 990. But here, Appellants do not challenge the district court's dismissal of their case for their failure to amend the Complaint. On the contrary, Appellants argue the district court "made the proper selection by timely entering a final judgment dismissing all claims with prejudice, and allowing the case to come to the Circuit Review Court on appeal in that posture." (SOB, p. 6.)

Though not raised in Appellants' Superseding Opening Brief, the *Yourish* court did note that "a plaintiff's failure to file an amended complaint is not the disobedience of a court order dismissing a complaint with leave to amend where the original dismissal was erroneous. *Yourish, supra,* 191 F.3d at 992, citing *McKeever v. Block,* 932 F.2d 795, 797 (9th Cir.1991) ("The refusal to file a second amended complaint would not be unreasonable if the first amended complaint was

dismissed erroneously."). As will be discussed in Section D below, the trial court's May 7 ruling dismissing the Complaint for Appellants' failure to comply with Federal Rule of Civil Procedure 8(a) was not erroneous.

*Ferdik,* like *Yourish,* also considers whether a Rule 41(b) dismissal was an appropriate sanction in light of plaintiff's failure to amend. In *Ferdik,* the trial court struck plaintiff's second amended complaint for failure to properly name the defendants, and granted plaintiff thirty days leave to amend. *Ferdik, supra,* 963 F.2d at 1260. Plaintiff failed to file an amended complaint, and the trial court dismissed the case. *Id.*

The *Ferdik* court found dismissal was proper. *Id.* at p. 1261. The court noted that the district court had gone out of its way to assist the pro se litigant, giving him the guidance needed to file a properly amended complaint. *Id.* Also crucial to the court's ruling was the district court's consideration of less drastic alternatives prior to dismissal. The trial court granted Ferdik thirty days to file a properly amended complaint, and expressly warned him that failure to comply with the dismissal would result in dismissal. *Id.* at 1262.

Again, Appellants do not challenge the district court's entry of dismissal for their failure to timely amend their Complaint. But given Appellants' heavy-handed criticism of the trial court's May 7 Order, it is important to note that in its seven page ruling, the district court provided great detailed regarding how Appellants

could amend their Complaint to properly state a claim. (EOR, App. E, pp. 27-33.) The May 7 Order also noted that the district court had already struck Appellants' initial opposition to Appellees' motion for violations of Local Rule 11-6, and cautioned that further violations of local rules or orders of the court "may result in dismissal of [Appellants'] action." (EOR, App. E, p. 33.)

Appellants did not preserve their right to appeal this action by filing a notice of intent not to amend in accordance with the rule resolutely set forth in *WMX Technologies*. As the *WMX* court discussed at length, Appellants may not avail themselves of the benefits of an appeal simply because they belatedly chose not to amend. This appeal is procedurally defective and should be dismissed.

**C.   The District Court Did Not Abuse Its Discretion When it Dismissed the Complaint Without Prejudice Under Federal Rule of Civil Procedure 8(a)**

**1.   Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint which fails to comply with Rule 8(a) may be dismissed with prejudice pursuant to Rule 41(b). *Schmidt v. Hermann,* 614 F.2d 1221 (9th Cir. 1990). A district court's dismissal under Rule 41(b) will be overturned on appeal only if the district court abused its discretion. *Id.* at p. 1224.

### 2.     The District Court's May 7 Order Was Proper

Appellants challenge the May 7 Order dismissing the Complaint without prejudice as a "scathing attack" due to the district court's emphasis on the length of the verified pleading, the duplication and triplication of paragraphs, and the numerous irrelevant and unintelligible allegations contained in the Complaint. (*See* SOB, p. 4.)

In analyzing the Complaint, the district court found many portions to be irrelevant, as the Complaint contained "generalized allegations against America's home loan industry and accuse[d] various unidentified "lenders," "aggregator[s]," and "Wall Street Investment banking concerns" of stealing billions of dollars through improper securitization of loans." (EOR, App. E, p. 30.) Appellees are referred to in the Complaint "generally, without specifying which Defendants are liable for the misconduct alleged." (*Id.*)

Dismissal under Rule 8(a) has been frequently upheld by the Ninth Circuit. In *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671 (9th Cir. 1981), this Court upheld a Rule 8(a) dismissal of a forty-eight page complaint which was characterized as "verbose, confusing and almost entirely conclusory." *Nevijel,* 651 F.2d at 674. After the district court dismissed the original complaint, the plaintiff filed a late amended pleading which remained equally verbose, confusing, and conclusory. *Id.* This Court found no abuse of discretion because the district court

provided reasonable opportunities and alternatives before dismissing with prejudice. *Id.* The Court noted plaintiff's counsel had demonstrated a history of non-compliance with the Federal Rules of Civil Procedure, further justifying dismissal. *Id.* at p. 675.

In *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996), the district court considered a thirty-seven page complaint containing "narrative ramblings" and "storytelling or political griping." *Id.* at p. 1176. In dismissing the complaint without prejudice, the district court wrote a careful order detailing how the plaintiff might rectify the deficiencies of his complaint. *Id.* at pp. 1176-1177. Ultimately, plaintiff did not properly amend his complaint despite the district court's instructions, and the case was dismissed with prejudice. *Id.* at p. 1177. This Court upheld the dismissal, noting "[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at p. 1180.

Appellants' Complaint alleges nineteen causes of action in fifty-two pages and two hundred and ninety-three paragraphs. (EOR, App. L.) Plaintiffs signed the Complaint under penalty of perjury. (*Id.*) But riddling the Complaint are lengthy ramblings regarding the California mortgage crisis and a section entitled "How the Banks Hit 3 Home Runs Off the Same Pitch." (*See id.,* at p. 188.)

Despite these conclusory and irrelevant allegations, Appellants take issue with the district court's caution that "statements in verified complaints can raise issues of perjury." (EOR, App. E., p. 33.)

As in *Nevijel* and *McHenry*, the district court provided Appellants a reasonable opportunity to amend the Complaint, even detailing how they might do so to comply with Rule 8. The district court noted that "Defendants" are referred to generally throughout the Complaint, with no clear specification of which entity was liable for the misconduct alleged. (EOR, App. F, p. 30.) The district court specifically noted Appellants define all Appellees as "Lender Defendants," but neither MERS nor ReconTrust were involved in the loan's origination. *Id.*

The district court took particular care in outlining the confusing nature of Appellants' allegations, noting that the "spelling, punctuation, and grammar errors littering Plaintiffs' Complaint" added to this confusion. (EOR, App. E, p. 31.) The district court recognized "[a]s a general rule, the Court does not focus on, let alone cite, errors of this sort. But an exception is appropriate here because of the pervasiveness of these errors and impact they have on the substance of the Complaint." (*Id.* at p. 32.) What's more, the district court cited Appellants' prior violations of the Federal Rules, and cautioned that further violations of the Federal Rules or disobedience of a court order would result in dismissal. (*Id.* at p. 33.)

The district court also addressed Appellants' attempt to exploit three typos contained in Appellees' Notice of Motion to Dismiss the Complaint, an erroneous and illogical argument they repeat on appeal. (*See* SOB, p. 9, "Defendants' motion to Dismiss Moved to Dismiss the Wrong Case and Wrong Parties.") The district court noted "…what takes the cake is *Plaintiffs'* accusation in the third sentence of their Opposition that *Defendants* did not read the Complaint carefully enough…By all appearances, Defendants reviewed the Complaint *more* carefully than Plaintiffs' counsel." (EOR, App. E, p. 32.) Given the totality of the Notice, it is impossible to conclude Appellees moved to dismiss the "wrong case" and the "wrong parties." The district court appropriately disregarded this ludicrous argument.

As similar as this case may be to those Ninth Circuit upholding dismissals due to violations of Rule 8(a), the crucial difference is that here, violations of Rule 8(a) did **not** result in dismissal with prejudice. Instead, the district court's dismissal was based on Appellants' complete failure to file an amended pleading in compliance with its May 7 Order. But as discussed above, Appellants do not challenge the dismissal on this basis, instead arguing the district court's dismissal was "proper." (SOB, p. 6.)

Given the care and attention the district court paid the Complaint in its May 7 Order, it cannot be said that the district court abused its discretion by dismissing the Complaint without prejudice. Appellants cite no basis to challenge the

subsequent dismissal, which issued due to their purportedly calculated failure to timely amend the Complaint.

### D.     The Remainder of Appellants' Superseding Opening Brief is Erroneous

Beginning on page seven of their Superseding Opening Brief, Appellants argue dismissal was improper under Rule Federal Rule of Civil Procedure 12(b)(6). They cite case law they argue stands for the proposition that such motions are viewed with disfavor. (SOB, p. 10.) They then launch into a discussion of the substantive merits of the Complaint. (SOB, pp. 12-17.)

In effect, Appellants ask this Court to reconsider Appellees' Motion to Dismiss. Such relief is appropriate where the district court's dismissal was entered pursuant to Rule 12(b)(6), as this Court reviews such orders *de novo*. *E.g.*, *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). But here, the May 7 Order from which Appellants now appeal dismissed the Complaint based purely on violations of Rule 8(a). The substantive merits of Appellees' Motion are not addressed by the trial court, and it is inappropriate for Appellants to raise such arguments on appeal.

Appellants cannot use this appeal to seek a ruling on Appellees' Motion to Dismiss which addresses the merits of the Complaint. Their attempt to do so is improper and should not be considered by this Court.

## VII. CONCLUSION

For all of these reasons, Appellees respectfully request that this Court affirm the District Court's order dismissing Appellants' Complaint with prejudice.

Respectfully submitted,

Dated: June 7, 2013                **AKERMAN SENTERFITT LLP**

By: _ /s/ *Victoria A. Cantore* _
      Justin D. Balser
      Victoria A. Cantore
Attorneys for Defendants/Appellees
COUNTRYWIDE HOME LOANS, INC.;
BANK OF AMERICA, N.A.; U.S.
BANK, NATIONAL ASSOCIATION AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE LSX
2007-7N TRUST FUND; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; and RECONTRUST
COMPANY, N.A.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because: this brief contains 4,251 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font, 14-point size.

Dated: June 7, 2013        **AKERMAN SENTERFITT LLP**

By:   /s/ *Victoria A. Cantore*
     Justin D. Balser
     Victoria A. Cantore
Attorneys for Defendants/Appellees
COUNTRYWIDE HOME LOANS, INC.;
BANK OF AMERICA, N.A.; U.S.
BANK, NATIONAL ASSOCIATION AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE LSX
2007-7N TRUST FUND; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; and RECONTRUST
COMPANY, N.A.

## STATEMENT OF RELATED CASES

Appellees are not aware of any cases pending in this Court that would be deemed related to this case pursuant to Ninth Circuit Rule 28-2.6.

Dated: June 7, 2013

**AKERMAN SENTERFITT LLP**

By: _ /s/ *Victoria A. Cantore* _
      Justin D. Balser
      Victoria A. Cantore
Attorneys for Defendants/Appellees
COUNTRYWIDE HOME LOANS, INC.;
BANK OF AMERICA, N.A.; U.S.
BANK, NATIONAL ASSOCIATION AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE LSX
2007-7N TRUST FUND; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; and RECONTRUST
COMPANY, N.A.

# ADDENDUM OF STATUTES

# INDEX FOR ADDENDUM OF STATUTES

**United States Code**
28 U.S.C. § 1291 ..........................................................................................2

# ADDENDUM  OF STATUTES

**United States Code**

28 U.S.C. § 1291. Final decisions of district courts

   The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 7, 2013

/s/ *Victoria A. Cantore*

{26461488;1}